# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD STANFIELD, SR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN CALLAWAY, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:07-cv-01786-OWW-WMW PC<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN 30 DAYS |

Plaintiff James Edward Stanfield, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was incarcerated with the California Department of Corrections and Rehabilitation at Wasco State Prison in Wasco, California ("Wasco") when the events described in his complaint took place. Plaintiff is suing defendants under 42 U.S.C. § 1983. Plaintiff does not specify what rights he was deprived of, but they appear to arise under the First and Eighth Amendments of the U.S. Constitution. Plaintiff names Licensed Vocational Nurse ("L.V.N.") Woolfolk, L.V.N. Garcia, L.V.N. Casimiro, L.V.N. Steven Callaway, Dr. Chand (psychiatrist), Dr. Challakere (psychiatrist), Dr. Landicho (head psychiatrist), and Associate Warden Cooper as defendants. Plaintiff seeks monetary relief.

The Court finds that Plaintiff's complaint states some cognizable claims and will give Plaintiff the opportunity to either proceed on the claims found cognizable in this order, or file an amended complaint to remedy the claims that are not cognizable.

///

## I.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Factual Background

On October 28, 2007, Plaintiff was given his anti-psychotic medication (Seroquel) by the LVN on duty that day. The Seroquel was given to Plaintiff in crushed form. Plaintiff alleges that because the Seroquel was crushed, it affected him so quickly that when he returned to his bunk he blacked out while opening a drawer. When he blacked out, he hit his head on the drawer causing a cut above his right eye.

Plaintiff filed an inmate administrative appeal to prevent the LVNs from crushing his Seroquel. Plaintiff's appeal was granted and signed by Defendant Challakere, which directed LVNs to stop crushing Plaintiff's Seroquel. Defendant Challakere told Plaintiff to show the appeal to the

LVNs. On November 23, 2007, Plaintiff showed Defendant Woolfolk the appeal. Defendant Woolfolk stated that Defendant Challakere did not have the authority to order her to cease crushing Plaintiff's Seroquel and continued to crush Plaintiff's medication. On November 24, 2007, Defendant Callaway stated that Plaintiff's appeal was not real and that Defendant Challakere did not have the authority to order him to cease crushing Plaintiff's Seroquel.

### III. Discussion

#### B. First Amendment Claim - Retaliation

Plaintiff alleges that Defendant Woolfolk retaliated against Plaintiff because Plaintiff filed an inmate administrative grievance accusing her of misconduct. In the prison context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff alleges that Defendant Woolfolk took adverse action against Plaintiff by crushing his Seroquel because Plaintiff filed prison grievances against her. Therefore, Plaintiff states a cognizable claim for retaliation against Defendant Woolfolk.

#### C. Eighth Amendment Claims

Plaintiff claims that defendants violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective

3

requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

### 1. **Seroquel**

Plaintiff alleges that defendants violated his Eighth Amendment rights when they administered Plaintiff's Seroquel in crushed form. Administering medication that causes Plaintiff to black out is "sufficiently serious" to state a cognizable Eighth Amendment claim. Further, Plaintiff alleges that Defendants Woolfolk, Garcia, Callaway and Casimiro did so intentionally, satisfying the subjective requirement. Therefore, Plaintiff states a cognizable claim for an Eighth Amendment violation against Defendants Woolfolk, Garcia, Callaway, and Casimiro.

However, Plaintiff does not provide sufficient allegations to indicate that the other defendants acted with deliberate indifference. Plaintiff alleges that Defendants Cooper and Landicho authorized all LVNs to administer Seroquel in crushed form regardless of doctor's orders because the pharmaceutical company approved of crushing Seroquel. At most the conduct of Defendants Cooper and Landicho was negligent – not deliberately indifferent as required to state an Eighth Amendment violation. From the allegations in Plaintiff's complaint, it appears that Defendants Cooper and Landicho thought it was safe to administer Seroquel in crushed form based on what they heard from the pharmaceutical company. Even if they were wrong and Seroquel was not safe in crushed form, their mistake is not an Eighth Amendment violation. To be deliberately indifferent, Defendants

1  Cooper and Landicho must have <u>actually known</u> that Seroquel was dangerous in crushed form and
2  ordered it to be crushed anyway.  Therefore, Plaintiff fails to state any cognizable claims against
3  Defendants Cooper and Landicho.
4        Plaintiff alleges that Defendant Chand failed to make sure that the LVNs followed through
5  with his order to not crush Plaintiff's Seroquel.  Again, at most Defendant Chand's conduct was
6  negligent and even then there is no indication that Defendant Chand was legally required to ensure
7  Plaintiff's medication was being administered properly.  It is not clear how Defendant Challakere
8  is liable to Plaintiff as he is the doctor who granted Plaintiff's inmate administrative appeal directing
9  LVNs to cease crushing Plaintiff's Seroquel.  If Plaintiff seeks to hold Defendant Challakere liable
10 for failure to ensure that the appeal was obeyed Plaintiff has failed to allege that this was due to
11 Defendant Challakere's deliberate indifference.  Again, there is no indication that Defendant
12 Challakere was legally required to ensure that the appeal he signed was being carried out properly
13 by other prison employees.  Therefore, Plaintiff fails to state any cognizable claims against
14 Defendants Chand and Challakere.
15       **2.    Denial of Medical Care**
16       Plaintiff alleges that Defendants Garcia and Casimiro violated his Eighth Amendment rights
17 because they denied Plaintiff medical attention for the injury he sustained above his right eye.
18 "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under §
19 1983." <u>Estelle v. Gamble</u>, 429 U.S. 97, 105 (1976).  "A 'serious' medical need exists if the failure
20 to treat a prisoner's condition could result in further significant injury or the 'unnecessary and
21 wanton infliction of pain." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on</u>
22 <u>other grounds by</u> <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (quoting <u>Estelle</u>, 429
23 U.S. at 104).  "Denial of medical attention to prisoners constitutes an [E]ighth [A]mendment
24 violation if the denial amounts to deliberate indifference to serious medical needs of the prisoners."
25 <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1111 (9th Cir. 1986), <u>abrogated in part on other grounds by</u>,
26 <u>Sandin v. Connor</u>, 515 U.S. 472 (1995).
27       It is not clear from Plaintiff's complaint if his injury was a "serious" medical need.  Plaintiff
28 alleges that he suffered an injury above his right eye after blacking out and Defendants Garcia and

Casimiro refused to provide medical treatment. His complaint states: "I blacked out and busted my right eye brow open that cause [sic] an 1/2 openin [sic] above my right eye." Obviously it is difficult to evaluate the severity of Plaintiff's claim when he fails to provide a unit of measurement for his "1/2 opening". Even assuming Plaintiff is speaking in inches, it is still impossible to determine the severity of his injuries because while denial of medical attention for a 0.5 inch <u>wide</u> papercut would hardly qualify as a constitutional violation, denial of medical attention for a 0.5 inch <u>deep</u> cut possibly would. Plaintiff has failed to allege that the failure to provide medical treatment "could [have] result[ed] in further significant injury or the unnecessary and wanton infliction of pain". As such, Plaintiff fails to state a cognizable claim for denial of medical treatment. Pursuant to this order, Plaintiff will be given the opportunity to amend his complaint and remedy the deficiencies identified above.

## IV. **Conclusion and Order**

Plaintiff's complaint states cognizable claims against Defendant Woolfolk for retaliation and against Defendants Woolfolk, Garcia, Callaway and Casimiro for deliberate indifference in violation of the Eighth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff four (4) summonses and four (4) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Hydrick v. Hunter</u>, 500 F.3d 978, 987-88 (9th Cir. 2007). With respect to

6

exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . .", Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted), meaning Plaintiff must provide enough allegations in his complaint to demonstrate why he is entitled to the relief that he seeks.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Woolfolk for retaliation and against Defendants Woolfolk, Garcia, Callaway and Casimiro for deliberate indifference; and

///
///
///

3.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:     January 30, 2009**           _____/s/  **William M. Wunderlich**_____
                                          UNITED STATES MAGISTRATE JUDGE