# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD STANFIELD, SR., | CASE NO. 1:07-cv-01786-OWW-YNP PC |
| Plaintiff, | ORDER DENYING MOTION |
| v. | (Doc. 31) |
| STEVEN CALLAWAY, et al., | and |
| Defendants. | ORDER TO SHOW CAUSE WHY DEFENDANT GARCIA SHOULD NOT BE DISMISSED FROM THIS ACTION |

Plaintiff James Edward Stanfield, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 4, 2009, Plaintiff filed a motion to "re-serve Defendant Garcia with USM-285 Marshal Forms." (Doc. #31.) The summons with respect to Defendant Garcia was returned unexecuted. The U.S. Marshal indicated that Defendant Garcia is no longer employed at Wasco State Prison and that further attempts to locate Garcia were unsuccessful because there were several Garcia's in the CDC locator database.

"'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and

1

sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Id. at 1421-22. The information provided by Plaintiff was insufficient to allow the U.S. Marshal to locate and serve Defendant Garcia. There is no indication that the failure to effect service was due to the U.S. Marshal's failure to perform his/her duties. Plaintiff has not provided the Court with any updated information on the whereabouts of Defendant Garcia. Thus, granting Plaintiff's motion to re-serve the summons and complaint using the same contact information provided by Plaintiff would be futile. Plaintiff's motion to direct the U.S. Marshal to effect service will be denied, and Plaintiff will be ordered to show cause why Defendant Garcia should not be dismissed from this action.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's September 4, 2009 motion to re-serve Defendant Garcia is DENIED; and
2. Plaintiff is to SHOW CAUSE within TWENTY (20) days of the date of service of this order why Defendant Garcia should not be dismissed from this action for lack of service.[1]

Plaintiff is forewarned that the failure to show cause may result in a recommendation that Defendant Garcia be dismissed from this action.

IT IS SO ORDERED.

**Dated:   November 18, 2009**           **/s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Should Plaintiff have updated information on the whereabouts of Defendant Garcia, he should provide it to the Court at this time.

2